# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DEVIN R. YAUCH,

        Plaintiff,

v.

RN SCHUETTE, MICHELLE, and JA LACROSSE,

        Defendants.

Case No. 24-CV-285-JPS

**ORDER**

      Plaintiff Devin R. Yauch, an inmate confined at Manitowoc County Jail ("MCJ"), filed a pro se complaint under 42 U.S.C. § 1983 alleging that Defendants violated his constitutional rights. ECF No. 1. On June 3, 2024, the Court provided Plaintiff an opportunity to file an amended complaint in light of his motion to supplement the original complaint. ECF No. 8. On June 14, 2024, Plaintiff filed an amended complaint. ECF No. 9. This Order resolves Plaintiff's motion for leave to proceed without prepaying the filing fee and screens his amended complaint.

**1.    MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE**

      The Prison Litigation Reform Act ("PLRA") applies to this case because Plaintiff was a prisoner when he filed his complaint. *See* 28 U.S.C. § 1915(h). The PLRA allows the Court to give a prisoner plaintiff the ability to proceed with his case without prepaying the civil case filing fee. *Id.* § 1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He must then pay the balance of the $350 filing fee over time, through deductions from his prisoner account. *Id.*

On April 1, 2024, the Court ordered Plaintiff to pay an initial partial filing fee of $0.00. ECF No. 7. The Court will grant Plaintiff's motion for leave to proceed without prepaying the filing fee. ECF No 2. He must pay the remainder of the filing fee over time in the manner explained at the end of this Order.

2. **SCREENING THE AMENDED COMPLAINT**

    2.1 **Federal Screening Standard**

Under the PLRA, the Court must screen complaints brought by prisoners seeking relief from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether a complaint states a claim, the Court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States and that whoever deprived him of this right was acting under the color of state law. *D.S. v. E. Porter Cnty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The Court construes pro se complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

### 2.2 Plaintiff's Allegations

On February 2, 2024, Plaintiff received a haircut from an outsourced barber in MCJ. ECF No. 9 at 2. Immediately following the haircut, a severe rash appeared on Plaintiff's head. *Id.* The rash caused Plaintiff an extreme amount of pain and a burning sensation. *Id.* When back in the housing unit, Plaintiff put in a request to HSU for treatment because he felt like his head was on fire. *Id.* C.O. Taddy saw Plaintiff fanning his head and called HSU after examining Plaintiff's head. *Id.* C.O. Taddy told his partner on the floor, C.O. Jacobs, about Plaintiff's pain and discomfort. *Id.* Jacobs had Plaintiff come out of his unit so that she could examine Plaintiff. *Id.* Jacobs confirmed that Plaintiff needed medical treatment and made several calls to HSU. *Id.* at 3.

At 9:00 a.m. that day, Plaintiff was called for school. *Id.* The school teacher, Beth, saw Plaintiff fanning his head and saw a look of pain on his face. *Id.* Beth saw the severe rash on Plaintiff's head and stopped teaching her lesson so that she could inform central command that Plaintiff needed to see HSU. *Id.* C.O. Taddy came to the classroom to see Plaintiff; he was taken directly to HSU to see medical staff. *Id.* C.O. Taddy and Plaintiff were

standing outside Defendant RN Schuette's ("Schuette") office. *Id.* C.O. Taddy informed Schuette about Plaintiff's medical condition but she refused to see him or assess his condition. *Id.* C.O. Taddy suggested a cool towel as a temporary fix to the burning sensation, but Schuette said no. *Id.* Plaintiff was finally seen twelve hours later by RN Popp.

On March 1, 2024, Plaintiff submitted a request to see mental health but Schuette denied Plaintiff's request. *Id.* Plaintiff submitted a request to Defendant JA LaCrosse ("LaCrosse") to save camera footage from February 2, 2024 but Lacrosse denied the request. *Id.*

### 2.3 Analysis

The Court finds that Plaintiff may proceed against Schuette on an Eighth Amendment deliberate indifference claim for her indifference to Plaintiff's serious medical need. The Eighth Amendment secures an inmate's right to medical care. Prison officials violate this right when they "display deliberate indifference to serious medical needs of prisoners." *Greeno v. Daley*, 414 F.3d 645, 652 (7th Cir. 2005) (internal quotation omitted). Deliberate indifference claims contain both an objective and a subjective component: the inmate "must first establish that his medical condition is objectively, 'sufficiently serious,'; and second, that prison officials acted with a 'sufficiently culpable state of mind,' i.e., that they both knew of and disregarded an excessive risk to inmate health." *Lewis v. McLean*, 864 F.3d 556, 562–63 (7th Cir. 2017) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (internal citations omitted)). "A delay in treating non-life-threatening but painful conditions may constitute deliberate indifference if the delay exacerbated the injury or unnecessarily prolonged an inmate's pain." *Arnett v. Webster*, 658 F.3d 742, 753 (7th Cir. 2011) (citing *McGowan v. Hulick*, 612 F.3d 636, 640 (7th Cir. 2010)). The length of delay

that is tolerable "'depends on the seriousness of the condition and the ease of providing treatment.'" *Id.* (quoting *McGowan*, 612 F.3d at 640).

At the screening stage, the Court finds that Plaintiff's allegations are sufficient to proceed against Schuette. Plaintiff alleges severe pain from a rash on his head. Plaintiff also alleges that Schuette denied him mental health treatment. The Court acknowledges that twelve hours in many instances is a reasonable amount of time for a prisoner to receive non-emergent medical care. However, the amended complaint allegations suggest that Schuette could have chosen to provide some relief, but simply chose not to and therefore unnecessarily caused him prolonged pain. Further factual development will be needed regarding Plaintiff's claim regarding mental health treatment and how long he waited for any treatment. However, at the pleading stage, Plaintiff may proceed against Schuette on an Eighth Amendment deliberate indifference claim for her indifference to Plaintiff's serious medical needs.

Plaintiff may not, however, proceed against Defendants Michelle or LaCrosse. To begin, it is unclear who Michelle is or what she allegedly did. If Michelle is the person who cut Plaintiff's hair, the amended complaint does not contain sufficient factual content that allows the Court to draw a reasonable inference that this defendant is liable for misconduct. *See Ashcroft*, 556 U.S. at 678.

As to LaCrosse, Plaintiff has not stated a claim for him not preserving video evidence of the incident. Federal Rule of Civil Procedure 37 requires parties to preserve electronically stored information in the anticipation or conduct of litigation. Fed. R. Civ. P. 37(e). If Plaintiff seeks video footage in the course of discovery in this case and it is later determined that the Department of Corrections failed to preserve evidence after notification of

Page 5 of 9
Case 2:24-cv-00285-JPS   Filed 06/28/24   Page 5 of 9   Document 10

potential litigation, Plaintiff may raise this issue with the Court at a later time and the Court would determine if action was appropriate.[1] As such, the Court finds that Plaintiff fails to state a claim against Michelle and LaCrosse and will dismiss them this from this case.

## 3. CONCLUSION

In light of the foregoing, the Court finds that Plaintiff may proceed on the following claim pursuant to 28 U.S.C. § 1915A(b):

**Claim One:** Eighth Amendment claim against Schuette for her deliberate indifference to Plaintiff's serious medical need.

The Court has enclosed with this Order guides prepared by court staff to address common questions that arise in cases filed by prisoners. These guides are entitled, "Answers to Prisoner Litigants' Common Questions" and "Answers to Pro Se Litigants' Common Questions." They contain information that Plaintiff may find useful in prosecuting his case.

---

[1] For Plaintiff's benefit, the Court provides the entirely of the rule to show possible outcomes if electronic evidence was not preserved. Federal Rule of Civil Procedure 37(e) provides:

Failure to Preserve Electronically Stored Information. If electronically stored information that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery, the court:

(1) upon finding prejudice to another party from loss of the information, may order measures no greater than necessary to cure the prejudice; or

(2) only upon finding that the party acted with the intent to deprive another party of the information's use in the litigation may:

    (A) presume that the lost information was unfavorable to the party;

    (B) instruct the jury that it may or must presume the information was unfavorable to the party; or

    (C) dismiss the action or enter a default judgment.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to proceed without prepaying the filing fee, ECF No. 2, be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Defendants Michelle and LaCrosse be and the same are hereby **DISMISSED** from this action;

**IT IS FURTHER ORDERED** that the U.S. Marshals Service shall serve a copy of the amended complaint and this order upon Defendant **Schuette** pursuant to Federal Rule of Civil Procedure 4. Plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). Although Congress requires the Court to order service by the U.S. Marshals Service, it has not made any provision for these fees to be waived either by the Court or by the U.S. Marshals Service. The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). The U.S. Marshals Service will give Plaintiff information on how to remit payment. The Court is not involved in collection of the fee;

**IT IS FURTHER ORDERED** that Defendant **Schuette** shall file a responsive pleading to the complaint;

**IT IS FURTHER ORDERED** if Defendant contemplates a motion to dismiss, the parties must meet and confer before the motion is filed. Defendant should take care to explain the reasons why she intends to move to dismiss the amended complaint, and Plaintiff should strongly consider filing a second amended complaint. The Court expects this exercise in efficiency will obviate the need to file most motions to dismiss. Indeed, when the Court grants a motion to dismiss, it typically grants leave to amend unless it is "certain from the face of the complaint that any amendment would be futile or otherwise unwarranted." *Harris v. Meisner*,

No. 20-2650, 2021 WL 5563942, at *2 (7th Cir. Nov. 29, 2021) (quoting *Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 524 (7th Cir. 2015)). Therefore, it is in both parties' interest to discuss the matter prior to motion submissions. Briefs in support of, or opposition to, motions to dismiss should cite no more than ten (10) cases per claim. No string citations will be accepted. If Defendant files a motion to dismiss, Plaintiff is hereby warned that he must file a response, in accordance with Civil Local Rule 7 (E.D. Wis.), or he may be deemed to have waived any argument against dismissal and face dismissal of this matter with prejudice;

**IT IS FURTHER ORDERED** that the agency having custody of Plaintiff shall collect from his institution trust account the $350.00 balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to Plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this case. If Plaintiff is transferred to another county, state, or federal institution, the transferring institution shall forward a copy of this Order along with his remaining balance to the receiving institution;

**IT IS FURTHER ORDERED** that a copy of this Order be sent to the officer in charge of the agency where Plaintiff is confined; and

**IT IS FURTHER ORDERED** that the Clerk's Office mail Plaintiff a copy of the guides entitled "Answers to Prisoner Litigants' Common Questions" and "Answers to Pro Se Litigants' Common Questions," along with this Order.

Dated at Milwaukee, Wisconsin, this 28th day of June, 2024.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

Plaintiffs who are inmates at Prisoner E-Filing Program institutions shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. Prisoner E-Filing is mandatory for all inmates at Columbia Correctional Institution, Dodge Correctional Institution, Green Bay Correctional Institution, Oshkosh Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility.

Plaintiffs who are inmates at all other prison facilities, or who have been released from custody, will be required to submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

**DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS**. If mail is received directly to the Court's chambers, **IT WILL BE RETURNED TO SENDER AND WILL NOT BE FILED IN THE CASE**.

Plaintiff is further advised that failure to timely file any brief, motion, response, or reply may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. **IF PLAINTIFF FAILS TO PROVIDE AN UPDATED ADDRESS TO THE COURT AND MAIL IS RETURNED TO THE COURT AS UNDELIVERABLE, THE COURT WILL DISMISS THIS ACTION WITHOUT PREJUDICE**.