UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DEVIN R. YAUCH,

          Plaintiff,

v.

          Case No. 24-cv-0285-scd

SARAH SCHUETTE,

          Defendant.

## DECISION AND ORDER

      Plaintiff Devin Yauch, who is incarcerated at Stanley Correctional Institution and representing himself, is proceeding on Eighth Amendment claims based on allegations that Defendant Nurse Sarah Schuette was deliberately indifferent to his serious health conditions when she did not immediately treat a reported skin rash and she later refused his request to schedule an appointment with a mental health provider. *See* Dtk. No. 10 (citing *Lewis v. McLean*, 864 F.3d 556, 562-63 (7th Cir. 2017) ("Deliberate indifference claims contain both an objective and a subjective component: the inmate "must first establish that his medical condition is objectively, sufficiently serious; and second, that prison officials acted with a sufficiently culpable state of mind, *i.e.*, that they both knew of and disregarded an excessive risk to inmate health.")).

      Schuette moved for summary judgment on March 5, 2025. Dkt. No. 29. In a notice and order, the Court reminded Yauch that under Civil L. R. 56(b)(2) his response materials were due within thirty days. Dkt. No. 36. The Court warned Yauch that, if he failed to respond to the motion by the deadline, the Court would accept all facts asserted by Schuette as undisputed, which would likely result in summary judgment being granted in her favor and the case being dismissed. The deadline has passed, and Yauch did not respond to Schuette's summary judgment motion.

The Court has reviewed Schuette's motion, brief in support, supporting exhibits, and the undisputed facts, *see* Fed. R. Civ. P. 56(e)(2), and concludes that she is entitled to summary judgment. *See* Fed. R. Civ. P. 56(e)(3). Based on the proposed findings of fact submitted by Schuette and deemed true as a result of Yauch's failure to respond, the Court finds that no jury could reasonably conclude that the red and itchy rash Yauch complained about was an objectively serious medical condition. *See Hayes v. Snyder*, 546 F.3d 516, 522-23 (7th Cir. 2008) (explaining that a person demonstrates a serious medical need if he shows: "The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain"); *see, e.g., Diaz v. Truit*, No. 23-cv-2845, 2023 WL 6784411, at *3 (N.D. Ill. Oct. 6, 2023) ("If you put all medical conditions on a spectrum, and ranked them by the level of seriousness, a rash would be somewhere near the bottom. There wouldn't be much below it.").

Further, even if the rash Yauch complained about could be considered an objectively serious medical condition, no jury could reasonably conclude that Schuette was deliberately indifferent to the condition. The undisputed record shows that, after noting that Yauch was not in need of emergency treatment, she informed Yauch that she would schedule him to be seen at the next available appointment, which happened to be later that afternoon. The mere fact that Schuette did not immediately drop everything to attend to Yauch's concerns about a mild skin rash does not give rise to a claim under the Eighth Amendment, as "the Constitution does not mandate immediate care." *Moore v. Williams*, 835 F. App'x 143, 145 (7th Cir. 2021) ("Without evidence that the defendant knew that a short delay in delivering treatment would needlessly and substantially prolong a dangerous medical condition, the delay itself does not violate the Eighth Amendment.").

2

Finally, based on the undisputed record, no jury could reasonably conclude that Schuette was deliberately indifferent to Yauch's mental health needs when she instructed him to resubmit his request for an appointment once he was fully dressed as is required by the inmate handbook. Nothing suggested that Yauch needed emergency care, and the record shows that Schuette immediately scheduled an appointment after Yauch resubmitted his request in an appropriate manner. Prisoners are not at liberty to decide which rules and orders they will comply with; they "are and must be required to obey orders." *Lewis v. Downey*, 581 F.3d 467, 476 (7th Cir. 2009) (citing *Soto v. Dickey*, 744 F.2d 1260, 1267-70 (7th Cir. 1984))). In short, Schuette's insistence that Yauch follow the rules before she would consider his request did not run afoul of the Constitution.

**IT IS THEREFORE ORDERED** that the Defendant's motion for summary judgment (Dkt. No. 29) is **GRANTED** and this case is **DISMISSED**. The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 30th day of April, 2025.

Stephen C. Dries
United States Magistrate Judge

This order and the judgment to follow are final. Plaintiff may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $605.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serious physical injury. *Id.*

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The Court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.